MICHAEL C. HETEY, ESQ.
Nevada Bar No. 5668
HAROLD J. ROSENTHAL, ESQ.
Nevada Bar No. 10208
THORNDAL ARMSTRONG DELK
BALKENBUSH & EISINGER
1100 East Bridger Avenue
Las Vegas, NV 89101-5315
   Mail To:
   P.O. Box 2070
   Las Vegas, NV 89125-2070
Tel.: (702) 366-0622
Fax: (702) 366-0327
mch@thorndal.com
hjr@thorndal.com

Attorneys for Defendant, NEIMAN MARCUS
GROUP, INC., d/b/a NEIMAN MARCUS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SUSAN FARRELL, an Individual,<br><br>                Plaintiff,<br><br>vs.<br><br>NEIMAN MARCUS GROUP, INC., a Foreign Corporation, d/b/a NEIMAN MARCUS, DOE EMPLOYEES I through X, and ROE BUSINESS ENTITIES, inclusive,<br><br>                Defendants. | CASE NO.  2:17-cv-2912<br><br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

    Plaintiff, SUSAN FARRELL ("Plaintiff"), by her attorneys, Defendant NEIMAN MARCUS

GROUP, INC dba NEIMAN MARCUS ("Defendant") by its attorneys, hereby agree and

stipulate to a Protective Order and Confidentiality Agreement governing certain corporate

documents to company policies and procedures of NEIMAN MARCUS proprietary information

and methods, including but not limited to business method materials of NEIMAN MARCUS,

which maybe disclosure during the course of this above captioned Civil Action as follows:

1.       That good cause exists for the parties to enter into a Protective Order and Confidentiality Agreement concerning confidential corporate documents as may be requested by Plaintiff, which may be provided to the Plaintiff through discovery efforts in this matter.

2.       A Protective Order and Confidentiality Agreement is necessary because NEIMAN MARCUS is of the good faith belief that these corporate documents constitute trade secrets and consist of proprietary information, in accordance with FRCP 26(c)(1)(a)-(g).

3.       As such, the parties hereby stipulate that the below measures be implemented in connection with the confidential corporate documents.

4.       Corporate documents, information, or materials which are deemed confidential by NEIMAN MARCUS and are produced in the Action must be designated by marking each page of the document(s) with a label stating "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912". In lieu of marking the original of a document, if the original is not produced, NEIMAN MARCUS may mark the copies that are produced or exchanged.

5.       Documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" shall not be furnished, shown, disclosed or divulged to any person except "Qualified Persons", who are defined as:

      a.      The Parties;

      b.      Any Defendant's insurers, if any;

      c.      Counsel for the Parties including counsel's paralegals and non-professional personnel;

      d.      Mediators agreed upon by the Parties;

      e.      Experts retained and/or consulted with by the Parties in connection with the Action;

      f.      Any other person by Order of the Court after notice and hearing to all Parties; and,

      g.      Any witness identified by any Party to the Action.

6.     Each Qualified Person who receives or reviews documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" shall make all reasonable efforts to comply and ensure compliance with the terms of this Protective Order and Confidentiality Agreement.

7.     The information shall remain the sole and absolute property of NEIMAN MARCUS. Recipients shall complete their evaluation for the Qualified Person within the confines of this lawsuit. Upon completion of the litigation any and all information relative to the proprietary and confidential information shall be returned to NEIMAN MARCUS's counsel of record by recipients within thirty (30) days, and recipients shall not keep any copies, notes or other transcriptions made there from, of the Information. Completion of the litigation is defined as resolution of the litigation by settlement, dismissal (stipulated or by Motion) or Judgment.

8.     All documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" and produced or exchanged in the course of the Action shall be used solely for the purpose of preparation and trial of the Action and for no other purpose, and shall not be disclosed to any person, under any circumstance, who is not a Qualified Person except in accordance with the terms hereof. Nothing in this Protective Order and Confidentiality Agreement shall prevent the use of documents, information, or materials designated as Confidential at a hearing, in depositions, or at trial in the Action, on the condition that any such documents, information, or materials shall be disclosed or displayed only after implementation of all reasonable safeguards to preserve their confidentiality. If such documents, information, or materials are used at a hearing, in depositions, or at trial, they, and all portions of the transcripts and exhibits thereto which refer to relate to them, shall be designated and treated as Confidential pursuant to the terms of this Protective Order and Confidentiality Agreement.

9.     Qualified Persons shall be permitted to disclose documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" to consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each person shall execute a copy

of the Certification annexed to this Order as Attachment A (which shall be retained by counsel to the party so disclosing the documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Information, and provided that if the party chooses a consultant or expert employed (or previously employed) by a party, NEIMAN MARCUS or one of its competitors, the party shall notify the opposing party, or designating non-party, before disclosing any Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure. Before any person under this paragraph receives any portion of the documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912", such person shall be furnished with a copy of this Agreement and as set forth herein shall acknowledge by executing the Attachment A that he or she has read this Stipulated Protective Order and Confidentiality Agreement, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of the Federal District Court in Nevada in connection with any proceeding or hearing related to the enforcement of the Protective Order and Confidentiality Agreement.

10.     Qualified Person further agrees that the documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" are being disclosed by NEIMAN MARCUS to Qualified Person for the authorized purpose as described herein (i.e. this litigation), and for no other purpose.

11.     Qualified Person agrees to limit circulation of the documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" to such employees and representatives of Qualified Person who require said information in order to achieve said authorized purpose, who shall be bound to the terms hereof as though they are parties hereto, and shall provide to

NEIMAN MARCUS a list identifying all such recipients promptly.

12. Nothing shall prevent disclosure beyond the terms of this Protective Order if NEIMAN MARCUS consents to such disclosure or if the Court orders such disclosure. Nor shall anything prevent any counsel of record from utilizing Confidential information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential information. The Parties may, by stipulation, provide for exceptions to this Protective Order and Confidentiality Agreement and any Party may seek an order modifying this Protective Order and Confidentiality Agreement.

13. The Parties agree documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" shall not be deemed Confidential to the extent that any of the documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" furnished in this litigation:

   a. Is or becomes part of the public domain without violation of this Protective Order and Confidentiality Agreement;

   b. Is lawfully obtained by the receiving party from a third party not in violation of an agreement with the disclosing party; or,

   c. Is developed by the receiving party completely independently of any such disclosure from the disclosing party and not in violation of the rights of the disclosing party.

14. That nothing herein contained shall be construed as a grant by implication, estoppel or otherwise, of a license by NEIMAN MARCUS to any Qualified Person to make, have made, use or sell any documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" or as a licensee, under any patent, patent application, copyright, or any other industrial or intellectual property right covering same.

15. That this Protective Order and Confidentiality Agreement shall be governed and construed in accordance with the laws of Nevada, without regard to the state's conflict of laws.

16.     That Qualified Persons consent to the jurisdiction of the Eighth Judicial District Court, Clark County, State of Nevada, for the purpose of all matters relating to this Protective Order, including, but not limited to, interpretation and enforcement thereof.

17.     Qualified Persons agree that disclosure of the documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" to unauthorized third parties will constitute irreparable harm and that NEIMAN MARCUS shall be entitled to injunctive relief without the posting of bond to prevent any such disclosure.

18.     The obligations of confidentiality within this Protective Order and Confidentiality Agreement shall survive the return of the documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912".

19.     The Parties and Qualified Persons agree and acknowledge that to the extent any such proprietary and confidential information is produced to the District Court where this litigation is venued prior to trial, that any such filing will be ~~made~~ under seal to prevent the inadvertent production and disclosure of this information to the public. pursuant to Local Rule IA 10-5

20.     **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present the documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" at trial, such party shall provide advance notice to the other party at leave seventy-two (72) hours before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e. by bates number, page range, deposition transcript lines, etc.) without divulging the actual documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912". The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. All parties understand that NEIMAN MARCUS reserves the

right to petition the Court during trial orally and/or file pre-trial Motions with the Court to limit the application or introduction of material that is may deem confidential.

21.     In the event that the Parties disagree regarding the designation of a document as Confidential, the Parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies, before seeking intervention of the Court. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, NEIMAN MARCUS shall move the Court to confirm the Confidential designation. The Parties agree not to publicly disseminate any documents with a disputed Confidential designation during the pendency of such a motion, in the interim between the filing of this Stipulated Protective Order and Confidentiality Agreement and the date it is entered by the Court.

22.     This Stipulated Protective Order and Confidentiality Agreement may be executed in counterpart and photocopies of signatures shall have the same effect as original signatures.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

23.    The terms of this Stipulated Protective Order and Confidentiality Agreement shall apply to all documents previously produced by NEIMAN MARCUS during the course of this Action which have been designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912".

I stipulate and agree to the above Protective Order and Confidentiality Agreement:

Dated this 10th day of April, 2018

LAW OFFICES OF KEVIN R. HANSEN

_____ / s/ Amy M. Wilson, Esq. _____
KEVIN R. HANSEN, ESQ.
AMY M. WILSON, ESQ.
5440 W. Sahara Ave., Ste. 206
Las Vegas, Nevada 89146
Attorneys for Plaintiff

Dated this 10th day of April, 2018

THORNDAL ARMSTRONG DELK
BALKENBUSH & EISINGER

_____ /s/ Harold J. Rosenthal Esq _____
MICHAEL C. HETEY, ESQ.
HAROLD J. ROSENTHAL, ESQ.
1100 East Bridger Avenue
Las Vegas, Nevada 89101
Attorneys for Defendant, NEIMAN
MARCUS GROUP, INC., d/b/a NEIMAN
MARCUS

**PURSUANT TO THIS SITPULATION, IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:_____April 16, 2018_____

Respectfully submitted by:

THORNDAL ARMSTRONG DELK
   BALKENBUSH & EISINGER

_____/s/ Harold J. Rosenthal_____
MICHAEL C. HETEY, ESQ.
HAROLD J. ROSENTHAL, ESQ.
1100 East Bridger Avenue
Las Vegas, Nevada 89101
Attorneys for Defendant, NEIMAN MARCUS
GROUP, INC., d/b/a NEIMAN MARCUS

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), on April 10th, 2018 the **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** was served upon each of the parties via electronic service through the United States District court for the District of Nevada's ECF system.

_____*/s/ Jalene A. Anderson*_____
An employee of THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

# ATTACHEMENT A

## NON-DISCLOSURE AGREEMENT

I, _____, have read and understand the terms of the Non-Disclosure Agreement entered into between Susan Farrell and NEIMAN MARCUS. I hereby agree, on my own behalf and on behalf of the entity(ies) that I am authorized to represent: (a) to be bound by the Protective Order and Confidentiality Agreement; (b) to be legally responsible for any failure on my part to comply with any and all of the provisions of this Stipulated Protective Order and Confidentiality Agreement; (c) to submit to the jurisdiction of the State of Nevada, Federal District Court for purposes of enforcing the terms of this Stipulated Protective Order and Confidentiality Agreement; (d) to maintain all portions of any documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" provided to me in my possession, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it; and (e) to return, no later than five (5) business days after being notified of the conclusion of this lawsuit, whether by settlement, dismissal or Judgment, all documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" in my possession including all copies, notes or other transcriptions made therefrom, to counsel or party who provided me with the documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. 2:17-cv-2912" so that they can in turn return the documents, information, or materials designated as "CONFIDENTIAL" and/or "Subject to Stipulated Protective Order and Confidentiality Agreement, Case No. Case No. 2:17-cv-2912" to counsel for NEIMAN MARCUS within thirty (30) days after the conclusion of this lawsuit. I hereby affirm that I am not an employee of or provide any consulting to any of the other parties to the litigation or to any competitor of NEIMAN MARCUS. Last, I agree and understand that to the extent any such proprietary and confidential information is produced to

the Federal District Court where this litigation is venued prior to trial, that any such filing will be made under seal to prevent the inadvertent production and disclosure of this information to the public.

       Dated this \_\_\_\_ day of _____, 201\_\_.


_____
Signature